IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERALDINE NICHOLAS, | § | |
| Individually and as Administratrix | § | |
| of the Estate of James Nicholas, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-07-0657 |
| | § | |
| M.W. KELLOGG COMPANY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION DENYING MOTION TO REMAND AND
GRANTING MOTION FOR LEAVE TO AMEND**

The plaintiff, Geraldine Nicholas, filed this suit in Texas state court, individually and as administratrix of her husband's estate, against her husband's former employer. Nicholas alleged a state-law claim for breach of contract arising out of the employer's failure to pay life-insurance benefits under the company's benefit plan. The defendants removed on the basis of ERISA preemption. Nicholas has moved to remand, or in the alternative to amend her complaint to add ERISA claims, (Docket Entry No. 6). Defendants have responded, (Docket Entry No. 7). Based on the pleadings, the motion and response, and the applicable law, this court denies the motion to remand and grants Nicholas leave to amend within 30 days. The reasons are explained below.

**I.       ERISA Preemption**

A civil action filed in state court is removable to federal court if the claim is one "arising under" federal law. 28 U.S.C. §§ 1331, 1441(a). Under the "well-pleaded complaint" rule, the plaintiff is generally entitled to remain in state court if the complaint does not affirmatively allege a federal claim on its face. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). To support removal, a right or immunity created by the Constitution or federal law must be an essential element of the plaintiff's cause of action. *Id.* (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10–11 (1983)).

An exception to the well-pleaded complaint rule allows removal if the case "falls within the narrow class of cases to which the doctrine of 'complete preemption' applies." *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 398 (3d Cir. 2004) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004)), *cert. denied*, 126 S. Ct. 336 (2005). "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id.* "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Anderson*, 539 U.S. at 8; *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003) (en banc) ("There is an exception to the well-pleaded complaint rule, though, if Congress 'so completely preempt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'") (quoting

2

*Metro. Life Ins. v. Taylor*, 481 U.S. 58, 63–64 (1987)), *cert. denied*, 540 U.S. 1104 (2004).[1]

Section 514(a) of ERISA expressly preempts all state laws "insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Section 502(a) of ERISA, the statute's civil-enforcement provision, provides that a "civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a). This provision has "such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Pascack Valley Hosp.*, 388 F.3d at 399–400 (quoting *Davila*, 542 U.S. at 209). State-law actions within the scope of section 502(a) are recharacterized as federal claims and are removable to federal court. *Id.* (citations omitted); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."). The recharacterization of a plaintiff's state-law claims provides a basis for federal removal jurisdiction. *Arana*, 338 F.3d at 438.

## II.     Analysis

---

[1] Another type of preemption, known as "conflict" or "ordinary" preemption, "arises when a federal law conflicts with state law, thus providing a federal defense to a state law claim, but does not completely preempt the field of state law so as to transform a state law claim into a federal claim." *Arana*, 338 F.3d at 439. Under ERISA's conflict preemption provision, section 514(a), "any and all State laws [are displaced or superceded] insofar as they . . . relate to any employee benefit plan." 29 U.S.C. § 1144(a); *see also Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1217 (5th Cir.), *cert. denied*, 506 U.S. 820 (1992). State law "relates to" an ERISA plan "if it has a connection with or reference to" an employee benefit plan. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97 (1983).

Nicholas alleges that she is seeking to enforce a contractual settlement agreement. The contract was a promise to pay "certain continuing benefits and salary payments," including life insurance. (Docket Entry No. 1, Ex. B, ¶ III). Nicholas alleges that the contract was breached when an employee of the defendants told her husband that he would no longer "be provided life insurance under the company's benefit plan." (*Id.*). Nicholas is suing to recover the life insurance benefits. (*Id.*, ¶¶ III, IV(a)).

Nicholas is seeking benefits under an ERISA group life insurance plan. Her state-law claims against the defendants are completely preempted by section 502(a)(1)(B) of ERISA because they seek to recover benefits allegedly due her former husband under the Plan. *See Metro. Life*, 481 U.S. at 63, 66 (state-law contract and tort claims asserted "by a beneficiary to recover benefits from a covered plan" are completely preempted by section 502(a)(1)(B)); *see also McNeil v. Time Ins. Co.*, 205 F.3d 179, 191 (5th Cir. 2000) (ERISA preempts claims for breach of contract, breach of duty of good faith and fair dealing, and negligent misrepresentation); *Hogan v. Kraft Foods*, 969 F.2d 142, 144–45 (5th Cir. 1992) (ERISA preempts claims for breach of contract, breach of duty of good faith and fair dealing, and negligence); 29 U.S.C. § 1132(a)(1)(B).

The motion to remand is denied. The motion for leave to amend is granted. An amended complaint must be filed no later than **May 17, 2007.**

SIGNED on April 18, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge