## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **GERALDINE NICHOLAS,** | § | |
| **Individually and as Administratrix** | § | |
| **of the Estate of James Nicholas,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. H-07-0657** |
| | § | |
| **M.W. KELLOGG COMPANY,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

### MEMORANDUM AND ORDER

The plaintiff, Geraldine Nicholas, filed this suit in Texas state court, individually and as administratrix of her husband's estate. She sued her husband's former employer, M.W. Kellogg Company ("M.W. Kellogg"), Kellogg Brown & Root LLC, KBR, Inc., and Halliburton Co. ("Halliburton"). Mrs. Nicholas alleged a state-law claim for breach of contract arising out of the employer's failure to pay life-insurance benefits under the company's benefit plan. The defendants removed on the basis of ERISA preemption. This court denied Mrs. Nicholas's motion to remand but granted her motion to amend her complaint. (Docket Entry No. 7). Mrs. Nicholas amended to add ERISA claims, (Docket Entry No. 8), and the defendants have answered, (Docket Entry No. 9). Ten months after filing suit, Mrs. Nicholas moved to stay these proceedings and compel arbitration. (Docket Entry No. 14). The defendants have responded. (Docket Entry No. 16).

Based on the pleadings, the motion and response, and the applicable law, this court

denies the motion to compel arbitration and to stay.  The reasons are explained below.

## I.    Background

James Nicholas was an M.W. Kellogg employee who developed mesothelioma, a fatal form of lung cancer associated with asbestos exposure.  On December 24, 1998, Mr. Nicholas and M.W. Kellogg signed a severance agreement.  Under the agreement, Mr. Nicholas released M.W. Kellogg from liability for any claims he had against M.W. Kellogg, and M.W. Kellogg agreed to continue Mr. Nicholas's "company-provided benefits." (Docket Entry No. 14, Ex. 1).  Mr. Nicholas took a medical leave of absence from his job late in 1998 and continued to receive health insurance benefits at active employee rates. Mr. Nicholas received short-term and then long-term disability insurance benefits under the parties' agreement.

On January 2, 2003, Mr. Nicholas's benefits were terminated and he received a COBRA notification informing him that he was not entitled to benefits.  Mr. Nicholas contacted the defendants' human resources department and was instructed to exercise his COBRA rights to prevent his health coverage from lapsing while M.W. Kellogg corrected the error in termination.  Mr. Nicholas's medical and dental benefits were restored on November 1, 2003, and the defendants reimbursed Mr. Nicholas for his out-of-pocket costs associated with the COBRA coverage he had received in the interim.  In this suit, Mrs. Nicholas alleges that the defendants did not reinstate her husband's life insurance, which he was entitled to receive under his severance agreement.

Mr. Nicholas died on December 20, 2006.  Mrs. Nicholas sued the defendants in

Texas state court on January 17, 2007, alleging breach of contract and seeking damages in the amount of the life insurance allegedly promised under the severance agreement. The defendants removed. After this court denied her motion to remand based on federal question removal jurisdiction, Mrs. Nicholas sought and obtained leave to amend to assert causes of action under ERISA.

Mrs. Nicholas now seeks to compel arbitration under the agreement between her husband and his employer. The defendants argue that Mrs. Nicholas has waived her right to arbitrate by substantially invoking the judicial process in this litigation. Mrs. Nicholas did not respond to these arguments.

The arguments are addressed below.

## II.    The Legal Standard

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 2, provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

Under the FAA, a court must decide "whether the parties agreed to arbitrate the dispute in question. This determination involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Tittle v. Enron Corp.*, 463 F.3d 410,

418 (5th Cir. 2006) (quoting *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996)).

If there is a binding agreement to arbitrate, a court must then decide whether the dispute is

within the scope of that agreement.  *Id.* at 418.  Finally, the court must determine whether

"legal constraints external to the parties' agreement foreclosed the arbitration of those

claims."  *Id.* at 418 (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S.

614, 628 (1985)).

　　　The right to arbitration, "like any other contract right, can be waived."  *Williams v.

Cigna Fin. Advisors, Inc.*, 56 F.3d 656, 661 (5th Cir. 1995) (quoting *Miller Brewing Co. v.

Fort Worth Distrib. Co., Inc.*, 781 F.2d 494, 497 (5th Cir. 1986)).  "Waiver of arbitration is

not a favored finding, and there is a presumption against it."  *Miller Brewing*, 781 F.2d at

496.  Waiver will be found when the party seeking arbitration substantially invokes the

judicial process to the detriment or prejudice of the other party.  *Subway Equipment Leasing

Corp. v. Forte*, 169 F.3d 324, 326 (5th Cir. 1999) (quoting *Miller Brewing Co.*, 781 F.2d at

497).  To invoke the judicial process, a party "must, at the very least, engage in some overt

act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than

arbitration."  *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 344 (5th Cir.

2004) (quoting *Subway*, 169 F.3d at 326).  By invoking the judicial process and belatedly

seeking arbitration, the party must have prejudiced the party opposing arbitration.  *Id.* at 346.

"Prejudice, in this context, 'refers to the inherent unfairness – in terms of delay, expense, or

damage to a party's legal position – that occurs when the party's opponent forces it to litigate

an issue and later seeks to arbitrate that same issue.'"  *Joseph Chris Personnel Servs. Inc. v.*

4

*Rossi* No. 06-20235, 2007 WL 2948578 at *4 (5th Cir. Oct. 10, 2007) (quoting *Subway*, 169 F.3d at 327).  The general congressional policy preference for arbitration applies.  "The Federal Arbitration Act (FAA) expresses a strong national policy favoring arbitration of disputes, and all doubts concerning the arbitrability of claims should be resolved in favor of arbitration."  *Wash. Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004) (quotations omitted);  *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002).

## III.    Analysis

The December 24, 1998 severance agreement between Mr. Nicholas and M.W. Kellogg contains the following arbitration provision:

> Any dispute regarding the terms, performance or nonperformance, and/or interpretation of this Agreement shall be resolved, if it cannot be resolved amicably, by arbitration under the exclusive jurisdiction of the American Arbitration Association in Houston, Texas.

(Docket Entry No. 14, Ex. 1, ¶ 17).

The defendants do not dispute that the arbitration provision covers at least the claim Mrs. Nicholas filed as the administratrix of her husband's estate.  The defendants argue that Mrs. Nicholas waived her right to arbitrate because she knew about the arbitration provision but substantially invoked the judicial process.  The defendants rely on *Huntington Bank, Inc. v. Merrill Lynch, Pierce, Fenner & Smith*, 77 F.3d 479, 1996 WL 46808 (5th Cir. Jan. 15, 1996) and *Prudential-Bache Secs. v. Stevenson*, 706 F. Supp. 533 (S.D. Tex. 1989) for the proposition that a plaintiff who has knowledge of an applicable arbitration provision, invokes a court's jurisdiction, then seeks to compel arbitration, has waived the right to arbitrate by

5

depriving the defendant of notice of the plaintiff's interest in arbitration.  The defendants argue that Mrs. Nicholas has substantially invoked the judicial process by filing suit in state court, seeking to remand this case after removal, filing an amended complaint, and initiating discovery.  The defendants point out that Mrs. Nicholas pursued this case in court for at least ten months without alerting the defendants or this court to the arbitration clause on which she now relies.  Because the defendants had to remove to federal court, oppose Mrs. Nicholas's motion to remand, answer her original and amended complaints, and prepare a Rule 26(f) plan, the defendants argue that Mrs. Nicholas's untimely demand for arbitration has prejudiced them.

The Fifth Circuit requires a showing of both invocation of the judicial process and prejudice to the opposing party to establish waiver.  *Joseph Chris Personnel Servs. Inc. v. Rossi*, No. 06-20235, 2007 WL 2948578, at *3 (5th Cir. Oct. 10, 2007). The Fifth Circuit has refused to adopt the approach advanced by the Seventh Circuit, which does not require the party opposing waiver to show prejudice.  The Fifth Circuit continues to "place[] a heavy burden on the party opposing waiver and require[] a showing of prejudice." *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 484 (5th Cir. 2002).  This rule is not limited to cases in which the party belatedly seeking arbitration is the defendant in the litigation.  Rather, the rule is also applied to cases in which, as here, the party initiating litigation belatedly seeks arbitration.  *See, e.g.*, *Joseph Chris*, 2007 WL 2948578, at *4; *Republic Insurance Co.*, 383 F.3d 341; *Miller Brewing Co.*, 781 F.2d 494.

In *Joseph Chris* and in *Republic Insurance Co.*, two recent cases, the Fifth Circuit

6

examined whether a plaintiff who filed suit and later asserted a right to arbitrate waived that right.   The court recognized that "typically the decision to file suit will indicate a 'disinclination' to arbitrate."  *Joseph Chris*, 2007 WL 2948578 at *3.  That general rule did not apply in *Joseph Chris*, because the plaintiff had followed applicable state law and the parties' contract permitting initiation of litigation to seek an injunction.  Nor did that general rule apply in *Republic Insurance Co.*, because filing suit was necessary for the plaintiff to obtain a declaration as to whether an arbitration contract existed and filing suit to obtain an initial determination of the existence of an arbitration contract is not inconsistent with the right to arbitrate.  *Republic Insurance Co.*, 383 F.3d at 345.  As a result, the issue in *Joseph Chris* and in *Republic Insurance* was whether the plaintiffs' actions *after* filing suit waived their arbitration right because the pretrial activity was not limited to the threshold questions or to nonarbitrable issues.

In the present case, unlike in *Joseph Chris* and in *Republic Insurance Co.*, the plaintiff had no reason to file suit other than to litigate, not arbitrate.   Mrs. Nicholas did not seek injunctive relief pending arbitration, as permitted under the contract containing the arbitration clause in the *Joseph Chris* case.   Nor did Mrs. Nicholas seek a threshold judicial determination as to whether there was a valid agreement to arbitrate, as in *Republic Insurance Co.*   Instead, Mrs. Nicholas filed suit to obtain a judicial ruling on the merits of the claim she now seeks to arbitrate.  In this case, the decision to file suit did indicate a "disinclination" to arbitrate.

"The question is what prejudice the party opposing arbitration has suffered because

of the unnecessary litigation." *Joseph Chris*, 2007 WL 2948578, at \*4. The Fifth Circuit recently explained that there are three factors particularly relevant to determining prejudice: pretrial activity that extends to all of the parties' claims, including those conceded to be arbitrable; the time and expense incurred in defending against a summary judgment motion; and a party's failure timely to assert its right to arbitrate. *Republic Ins. Co.,* 383 F.3d at 346 (finding waiver when plaintiff in case involving arbitrable and nonarbitrable claims sought to compel arbitration after the defendant had "incurred very significant legal fees and had also participated in full-fledged discovery, expert preparation, and trial preparation," not limited to nonarbitrable claims); *see also Huntington Bank*, 77 F.3d 479 (finding waiver when plaintiff knew of possible right to arbitrate but chose to file suit, oppose defendant's motions challenging personal jurisdiction and seeking venue change; and take depositions; defendant suffered prejudice because it had incurred least $85,000 in litigation expenses and plaintiff had benefit of discovery mechanisms that it would not have had in arbitration); *Miller Brewing Co.*, 781 F.2d 494 (finding waiver when the plaintiff let its arbitration demand remain dormant for three and a half years while engaging in litigation, including discovery going to the merits of the claims it then sought to arbitrate).

Mrs. Nicholas undertook substantial litigation activity before asserting her right to arbitrate, ten months after she filed suit. She filed a motion to remand after removal, engaged in the meet-and-confer and initial disclosures required in litigation – but not arbitration – and responded to discovery. Even after filing a motion to compel arbitration, Mrs. Nicholas took a deposition from a third party. Such discovery would not be available in arbitration.

8

Although the Fifth Circuit has found no waiver in cases in which minimal discovery was conducted, this case is distinguishable. First, as noted, Mrs. Nicholas filed suit, clearly inconsistent with an intent to arbitrate. She then litigated whether the case could proceed in state or federal court and what claims would be asserted in federal court. She participated in discovery on all claims for ten months. After filing a motion to compel arbitration, she took a deposition of a third party. The combination of the ten-month delay in seeking arbitration after filing suit, during which Mrs. Nicholas required the defendants to engage in expensive litigation over whether there was federal removal jurisdiction, and the fact that she not only responded to discovery but also took discovery that would not be available in arbitration, leads this court to conclude that there is both substantial invocation of the judicial process and prejudice to the other party.

This case is not as egregious as some cases in which prejudice was found. *See, e.g.*, *Republic Ins. Co.*, 383 F.3d 341 (defendant had incurred "very significant legal fees"; had "participated in full-fledged discovery, expert preparation, and trial preparation," including discovery related to the issues that the plaintiff sought to arbitrate); *Miller Brewing Co.*, 781 F.2d 494 (plaintiff's demand for arbitration lay dormant for three and a half years while plaintiff pursued litigation; defendant paid over $85,000 in legal fees, and expended more than 300 hours of its own employees' times in defense; numerous depositions and extensive discovery would prejudice defendant's position in arbitration). In these cases, the courts concluded that "taking part in a little bit of discovery, coupled with timely invoking the right to arbitrate, would not result in waiver." *Joseph Chris*, 2007 WL 2948578 at *4. In this case,

9

the combination of the facts that Mrs. Nicholas filed suit, put the defendant to the expense of the litigation over whether the case would proceed in federal or state court,  participated in discovery, including taking a deposition, and delayed ten months before raising the issue of arbitration for the first time, leads this court to find waiver.

**IV.**   **Conclusion**

      Mrs. Nicholas's motion to stay and compel arbitration is denied.

        SIGNED on February 12, 2008, at Houston, Texas.

                                    Lee H. Rosenthal
                        United States District Judge