IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERALDINE NICHOLAS, | § | |
| INDIVIDUALLY AND AS | § | |
| ADMINISTRATRIX OF THE ESTATE | § | |
| OF JAMES NICHOLAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-00657 |
| | § | |
| M.W. KELLOGG COMPANY, | § | |
| KELLOGG, BROWN & ROOT, | § | |
| KBR, INC., AND HALLIBURTON, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**MOTION FOR STAY PENDING APPEAL**

Plaintiff's Notice of Appeal and her subsequent Motion to Stay are her latest ploys to avoid having this Court properly adjudicate this case. While Defendants do not in principle oppose a stay pending Plaintiff's appeal, Defendants' non-opposition is based on their understanding that the entry of a stay would not, following an affirmance by the Fifth Circuit, have the effect of retroactively rescinding the expired deadlines in the Court's Scheduling Order, including but not limited to the motions deadline of February 22, 2008.[1]

Thus, if the Court enters a stay, Defendants would respectfully request that after the Fifth Circuit affirms this Court's denial of the motion to compel arbitration and remands the case, the Court then rule on Defendants' pending Motion for Summary

---

[1] To be sure, Plaintiff has not suggested that these expired Scheduling Order deadlines be retroactively rescinded, nor would there be good cause under Fed. R. Civ. P. 16(b), or any other standard, for doing so. *See S&W Enterps., LLC v. SouthTrust Bank*, 315 F.3d 533, 536 (5th Cir. 2003) (setting out the elements of Rule 16(b)'s "good cause" standard).

1

Judgment (filed February 22, 2008) after providing Defendants with an opportunity to file a reply to Plaintiff's response (filed March 14, 2008).  On the assumption that the Court will enter a stay prior to ruling on Defendants' Motion for Summary Judgment, Defendants do not intend to file a reply brief at this time, but instead will await remand of the case from the Fifth Circuit.  (If the Court is inclined to rule on the Motion prior to the entry of a stay, Defendants would respectfully request that they be permitted ten days in which to file a reply.)

Defendants also wish to note for the record that Plaintiff's counsel did not confer with defense counsel prior to the filing of the Motion to Stay.  If he had, the filing of the opposed Motion to Stay would have been unnecessary given Defendants' position on this issue.

Respectfully submitted,

/s/ Michael J. Muskat
MICHAEL J. MUSKAT
Attorney-in-Charge
State Bar No. 24002668
S.D. Tex. Bar No. 22816
STEPHANIE S. PARENTE
State Bar No. 24037444
S.D. Tex. Bar No. 581876
440 Louisiana St., Ste. 590
Houston, Texas 77002
(713) 987-7851 (Telephone)
(713) 987-7854 (Facsimile)

Counsel for Defendants KBR, Inc., Kellogg Brown & Root LLC (as successor-in-interest to The M.W. Kellogg Company), Kellogg Brown & Root LLC, and Halliburton Co.

## CERTIFICATE OF SERVICE

      This is to certify that on March 17, 2008, a true and correct copy of this pleading has been served on Plaintiff's counsel via Notice of Electronic Filing:

                                             /s/ Michael J. Muskat
                                             Michael J. Muskat